UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL A. WATKINS,

    Plaintiff,

v().                                      CASE NO: 8:10-cv-2811-T-26TBM

HOT PATTIES, LLC, d/b/a Golden Krust
Bakery and Grill, and WAYNE A. LYTTLETON,

    Defendants.
_____/

**O R D E R**

Upon due consideration of the well-pleaded allegations of Plaintiff's Complaint (Dkt. 1), which this Court must accept as true at this juncture of the proceedings, it is ordered and adjudged that Defendants' Motion to Dismiss (Dkt. 9) is denied.[1] In the Court's view, Plaintiff's allegations are more than sufficient to raise a right to relief above the speculative level and to state a plausible claim for relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 *et seq*. (The FLSA). See <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260-61 (11th Cir. 2009) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and <u>Bell Alt. Corp. v. Twombly</u>, 550 U.S. 544,

---

[1] Having reached this determination, the Court need not entertain a response from Plaintiff.

561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007)).[2] Plaintiff need not plead a more definite statement because the allegations of the Complaint are not "so vague or ambiguous that the party cannot reasonably prepare a response." See Fed.R.Civ.P. 12(e). Defendants may raise anew within the context of a motion for summary judgment after the completion of discovery the issue of the amount of Plaintiff's pay rate and whether Plaintiff is entitled to overtime compensation. Defendants shall file their answer and defenses to Plaintiff's Complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 26, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] To the extent Defendants rely on Villegas v. J.P. Morgan Chase & Co., 2009 WL 605833 (N.D. Cal. Mar. 9, 2009), Acosta v. The Yale Club of NYC, 1995 WL 600873 (S.D. N.Y. Oct. 12, 1995), and cases cited therein, the cases are distinguishable from the instant case. Here, there is no inconsistency alleged in the complaint with respect to how many hours per week were worked by Plaintiff. She alleges that from August 5, 2007 to September 9, 2010, Plaintiff "has worked in excess of 40 hours a week several weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed." (Dkt. 1, paras. 9 & 14).